UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:11CV-P144-M

**REVEL ZAIN**                                                                     **PETITIONER**

**v.**

**COMMONWEALTH OF KENTUCKY**                                    **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Petitioner Revel Zain filed a *pro se* petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  By Memorandum Opinion and Order entered December 20, 2012, the Court

conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254

Cases in the United States District Court.  Upon review, the Court concluded that there was still

an avenue of relief available to Zain.  That is, although the time may have expired for filing a

notice of appeal of his Ky. R. Crim. P. (RCr) 11.42 motion, *see* Ky. R. Crim. P. 12.04, the

Kentucky Court of Appeals may in some cases allow motions to file a belated appeal, *see Jones*

*v. Commonwealth*, 714 S.W.2d 490, 491 (Ky. Ct. App. 1986).  The Court, therefore, directed

Zain to show cause why this action should not be dismissed for failure to exhaust available state-

court remedies.

In response, Zain states that he filed a notice of appeal of the denial of his RCr 11.42

motion with the Jefferson Circuit Court but that the court denied his application for pauper status

and directed him to pay the $125.00 filing fee to proceed on appeal.  Zain states that he was

granted pauper status in the circuit court action and that such status should continue on appeal.

He alleges that because he does not have the money to pay the filing fee, his only recourse is to

file his habeas petition in this Court "due to his inadequacy to exhaust his remedy in state court."

Zain further states, however, that "as the court has directed in it's opinion and order to show cause, [he] has resubmitted motion to the Jefferson County Circuit Court to reconsider it's decision concerning [his] indigency and pauper status and allow [him] access to the Kentucky Court of Appeals."  Zain, therefore, requests that this Court grant him an extension of time to complete this reconsideration process or, alternatively, that this Court continue with review of his petition.

Upon consideration, **IT IS ORDERED** that the motion for an extension of time to exhaust (DN 5) is **DENIED**.

Because Zain admits that he is still attempting to exhaust available remedies in state court, the habeas petition must be dismissed without prejudice.  Once Zain has completely exhausted his remedies, he may file a new habeas petition in this Court.

Before Zain may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. at 484.  If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the

matter be heard on appeal. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this opinion.

Date:

cc:      Petitioner, *pro se*
4414.005